IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD CUNIFF<br><br>Creditor/Plaintiff,<br><br>v.<br><br>BRANDI AUSTIN MCINTYRE<br><br>Debtor/Defendant. | Chapter 7<br><br>Case No. 20-12088 KHK<br><br>Adversary No. _____<br><br>Complaint to Determine and Object to Dischargeability of Debt |

## COMPLAINT

Plaintiff Clifford Cuniff ("Plaintiff" or "Mr. Cuniff") respectfully brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(6), 18 U.S.C. § 1964, and Bankruptcy Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure objecting to any discharge of Defendant Brandi Austin McIntyre's (the "Debtor" or "Ms. McIntyre") debt to Mr. Cuniff and seeking an order determining that the judgments obtained by Mr. Cuniff against Ms. McIntyre are excepted from discharge. In support of his complaint, Plaintiff states as follows:

## INTRODUCTION

1. This adversary proceeding relates to *In re Brandi A. McIntyre* No. 20-12088 KHK (Bankr. E.D. Va.) now pending in this Court (the "Bankruptcy Case").

2. Mr. Cuniff, as detailed further below, is seeking satisfaction of multiple judgments based on RICO and the return of certain monies stolen from his attorney trust account during his career as a litigator. He holds general unsecured claims against the Debtor pursuant to judgments entered and modified in the Anne Arundel County Maryland Circuit Court case styled *Clifford Cuniff v. Davonne Evans, et al.* Case Number C-02-CV-18-001050 (the "Judgments"). A copy of

1

the Judgments is attached and incorporated as **Exhibit 1**. The Judgments include multiple violations of the Racketeer Influenced and Corrupt Organization Act ("RICO").

3. The facts set forth in this Complaint were presented to a jury during a three-day long trial, resulting in a verdict being returned in favor of Mr. Cuniff. Hence, the facts supporting this complaint are all matters of record.

4. The jury concluded that the Debtor not only received, directly, money stolen by her mother from Mr. Cuniff's Trust account, but also an array of goods and services purchased directly with these stolen proceeds. Then, separately, that jury concluded that the Debtor conspired with other members of the crime family to extort Mr. Cuniff and then to even convert restitution funds from other sources specifically designated to repay Mr. Cuniff. These activities resulted in multiple judgments against the Debtor under the RICO statute.

5. Ms. McIntyre's debts to Mr. Cuniff are not dischargeable because they are damages from a willful and malicious injury perpetrated by Ms. McIntyre, the Debtor, against Mr. Cuniff.

## PARTIES

6. Plaintiff Clifford Cuniff is an individual residing in Maryland and a creditor in the Bankruptcy Case now pending before this Court.

7. Defendant Brandi A. McIntyre is an individual residing in Prince William County, Virginia and the debtor in the Bankruptcy Case now pending before this Court.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

9. Venue in the Eastern District of Virginia is proper under 28 U.S.C. § 1409(a).

**FACTS**

10.  Mr. Cuniff has practiced law in Maryland since 1981. His longtime secretary and bookkeeper is the Debtor's mother, DaVonne Evans ("Mrs. Evans"). From 2007 to 2016, Mrs. Evans stole $1,506,722 from Mr. Cuniff's attorney trust account. Upon discovery, Mr. Cuniff self-reported the theft to Maryland Bar Counsel and the State's Attorney. He further then voluntarily replenished all stolen trust funds from his private funds to make affected clients whole. Mr. Cuniff was fully exonerated by the State's Attorney and the Attorney Grievance Commission from any culpability in the theft, including any negligence or ethical breach in auditing his trust account.

11.  A jury found that of that stolen money, $108,692.72 was transferred to Debtor's joint bank account with her then husband Bradley McIntyre ("Mr. McIntyre"). In addition, Mrs. Evans wrote checks to Debtor and Mr. McIntyre totaling $8,725, paid for their vacations to the Dominican Republic and elsewhere, and paid for property in kind such as Louis Vuitton handbags and jewelry for the Debtor, all from the stolen funds.

12.  On November 11, 2016, at a meeting in Mr. Cuniff's office, Debtor acknowledged that she was implicated in her mother's theft enterprise and gave assurances of complete restitution for said theft.

13.  Debtor and her then husband and co-conspirator, Bradley McIntyre, returned to Mr. Cuniff's office on November 16, 2016 where Debtor's husband, admittedly acting for himself and Debtor, proceeded to extort Mr. Cuniff by threatening to report Mr. Cuniff to the States Attorney and Maryland State Bar Counsel on fabricated criminal and ethical charges.

14.  When that extortion attempt was rebuffed, Debtor's husband bargained with Cuniff, for Debtor and himself, to exchange two cashier's checks totaling $75,065.41, remitted by others but designated specifically to Mr. Cuniff as payee for restitution for the known theft, for a full and

3

complete release of liability for Debtor and himself for the entire $1.5 million theft. He had been tasked with delivering them to Mr. Cuniff but refused to transfer them when his bargaining attempts failed.

15. When the extortion and then bargaining attempts failed to coerce full liability releases from Mr. Cuniff, Debtor and Mr. McIntyre diverted those cashier's checks to Mrs. Evans, who had perpetrated the original massive theft. These were converted to Mrs. Evans' own use despite that the original remittiturs were other individuals. At the trial, Ms. Florence Caviness, the Debtor's grandmother, testified that she had provided the bulk of these proceeds and intended them to be paid to Mr. Cuniff. She never learned of their actual conversion, and was lied to when she inquired.

16. This extortion, fraud, theft, and conversion conspiracy provided the requisite predicates for the RICO-racketeering claims asserted by Mr. Cuniff against the Debtor at the trial which resulted in the verdicts and judgments now at issue. The complete factual foundation for them was already presented to, and accepted by, a jury and then confirmed on post judgment motions by the Trial Court.

17. The abundant and unrefuted facts of the extortion, fraud, theft, and conversion conspiracy to which Debtor was a full and eager partner are matters now of record. The facts show that the Debtor acted willfully and maliciously in receiving money, goods, and services stolen from Cuniff and acted willfully and maliciously in threatening him and further converting restitution funds designated for Mr. Cuniff.

## COUNT 1: NONDISCHARGEABLE DEBT FOR
## WILFULL AND MALICIOUS CONDUCT

18. Mr. Cuniff re-alleges and incorporates by reference all other paragraphs of this Complaint.

19. Debtor repeatedly received and was unjustly enriched by stolen proceeds from Mr. Cuniff's attorney trust account, including direct transfers of money but also vacations and personal property paid by such stolen proceeds.

20. Debtor, with full knowledge that Mr. Cuniff was owed restitution for money stolen from his trust account, conspired to convert cashier's checks made out to Mr. Cuniff specifically intended by other payees as restitution for stolen money.

21. Instead of delivering that restitution, Debtor conspired to blackmail and then bargain Mr. Cuniff into ending all civil and legal attempts at recovery or of prosecution for the $1.5 million stolen by Debtor's family.

22. The foregoing acts were willful and malicious and performed with substantial certainty to cause injury to Mr. Cuniff and his property. These acts were wrongful and done without just cause, as evidenced by the Debtor's conspiracy to threaten and blackmail Mr. Cuniff. These acts were clearly malicious.

WHEREFORE, based on the foregoing, Plaintiff requests that this Court determine that the Judgments obtained by the Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and grant such other and further relief as this case may require and the Court deems just and proper.

## COUNT 2: ATTORNEYS' FEES

23. Mr. Cuniff re-alleges and incorporates by reference all other paragraphs of this Complaint.

24. Mr. Cuniff is the prevailing Plaintiff in a RICO case and thus entitled to "threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964.

25. Monitoring and further litigation are essential to the long-term success of Mr.

5

Cuniff's RICO suit, and thus are a "cost of the suit" under the statute.

26. Mr. Cuniff has suffered costs including reasonable attorney's fees in bringing this adversary complaint and in pursuing the satisfaction of his RICO judgment.

**WHEREFORE**, based on the foregoing, Plaintiff requests that this Court order the payment of reasonable attorneys' fees and grant such other and further relief as this case may require and the Court deems just and proper.

Dated:  January 8, 2021                                                                 Respectfully Submitted,

/s/ Kellie Budd

Kellie Budd, VSB No. 72084
Mahdavi, Doumar, Budd & Levine PLLC
1530 Wilson Boulevard, Suite 170
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
kbudd@mdbllaw.com

COUNSEL FOR CLIFFORD CUNIFF